## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE E. REINSTADLER, et al., | ) No. 04-0831 |
| Plaintiffs, | ) |
| v. | ) U. S. District Judge Gary Lancaster |
| GENERAL ELECTRIC COMPANY, | ) |
| Defendant. | ) |

### CONFIDENTIAL STIPULATION AND PROTECTIVE ORDER

WHEREAS the parties in the above-captioned action have served document requests, interrogatories, notices of deposition with attendant requests for production, and subpoenas for deposition and for production of documents, and the Parties may seek further discovery; and

WHEREAS certain of the documents and information to be produced in discovery by a Party, or any non-party subject to discovery by request for production or by subpoena ("Discovery Respondent"), may disclose confidential, proprietary or competitively sensitive business information and trade secrets or other confidential research development, technical or commercial information, which should otherwise remain confidential and the private property and information of a Party or a Discovery Respondent; and

WHEREAS, all Parties have agreed to be bound by this Confidential Stipulation and Protective Order;

NOW, THEREFORE, it is hereby stipulated and agreed among the Parties and Discovery Respondent as follows:

1. The Party or Discovery Respondent may designate as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** any document, testimony, information or material produced by

that party in the course of this litigation in the manner hereinafter set forth in Paragraph 2 ("Confidential Material"). Such designation shall subject the Confidential Material produced or provided to the provisions of this Stipulation and Order. Nothing in this Stipulation and Order shall be construed in any way to control the use, dissemination, publication, or disposition by any other party of (i) documents or information received at any time by that party outside the discovery process in this action; or (ii) documents or information that is part of any public record or otherwise in the public domain. Consistent with the guidelines established by *Citizens First National Bank v. Cincinnati Insurance Co.,* 178 F.3d 943 (7th Cir. 1999), no document, testimony, information or material shall be designated as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** pursuant to this Stipulation and Protective Order until counsel for the Party or Discovery Respondent has determined in good faith that the document, testimony, information or material is entitled to protection because it contains trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. By agreeing to this Protective Order, no Discovery Respondent hereby submits himself or itself to the jurisdiction of this Court other than for the limited purpose of the entry of this Order.

    2.    Any information or material produced by any party or person in this litigation may be designated as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** by a Party or Discovery Respondent in the following manner:

- a. In the case of a writing, by stamping the word **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** on the face of the document;

- b. In the case of deposition testimony, or any portion thereof, by advising the court reporter and counsel of such designation and requiring the exclusion of any party or person not authorized to receive information of the type being referred to; and,

- c. In the case of specific responses to interrogatories or to any specific request for admission, by labeling the specific response **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY."**

3.  Each of the parties to this litigation shall be entitled to use the materials designated **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** in accordance with Paragraph 2, subject to the remaining terms of this Protective Order.

4.  Any documents, testimony, information or other materials designated as **"CONFIDENTIAL"** shall be used by the Parties solely for purposes of this litigation, and for no other purpose, and under no circumstances, other than those specifically provided for in this Stipulation and Order, shall the Parties disclose any part of such documents, testimony, information or other materials designated **"CONFIDENTIAL"** or permit the same to be disclosed to persons other than the following:

    a.  The Court and its staff, in accordance with the other terms and conditions of this Stipulation and Order;

    b.  Counsel who appear of record for the parties in this litigation and employees of such counsel;

    c.  Persons especially retained by attorneys for one or more parties to this litigation to assist in the preparation of the case for trial who are not regular employees of the parties to this litigation, and only if such persons have a need to use some or all of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"**; and

    d.  Parties to the litigation and their officers or employees who are assisting counsel.

5.  Any documents, testimony, information or other materials designated as **"ATTORNEYS EYES ONLY"** shall be used by the Parties solely for purposes of this litigation, and for no other purpose, and under no circumstances, other than those specifically provided for in this Stipulation and Order, shall the Parties disclose any part of such documents, testimony, information or other materials designated **"ATTORNEYS EYES ONLY"** or permit the same to be disclosed to persons other than the following:

    a.  The Court and its staff, in accordance with the other terms and conditions of this Stipulation and Order; and

      b.    Counsel who appear of record for the parties in this litigation and employees of such counsel.

6.    Before disclosing documents, testimony, information and other materials designated as **"CONFIDENTIAL"** to any person pursuant to Paragraph 4.c and 4.d hereof or **"ATTORNEYS EYES ONLY"** pursuant to Paragraph 5, counsel for the Plaintiffs or the Defendant, as appropriate, shall:

    a.    Apprise that person of the confidential and proprietary nature of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"**;

    b.    Apprise that person that the Court has enjoined the use of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** for any purpose other than this litigation and has enjoined the disclosure of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** to any other person; and

    c.    Show that person a copy of this Stipulation and Order and obtain from that person a written Declaration, in the form attached hereto as Exhibit A, whereby he or she will be bound by this Stipulation and Order. The originals of each Declaration shall be maintained by counsel disclosing the Confidential Material until this litigation is terminated and shall then be given to opposing counsel.

Any person who is allowed to inspect Confidential Material pursuant to the foregoing subparts 4(c), 4(d) or Paragraph 5 ("Restricted Person") shall inspect the Confidential Material or any document containing or referring to Confidential Material solely in the presence of one of the attorneys of record in the above-captioned action. No Restricted Person shall make or receive any notes or other memorandum of any of the Confidential Material. No Restricted Person shall ever have possession of any document that contains Confidential Material or a summary or description of Confidential Material.

7.    An opposing party may challenge a party's designation of information as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** by written notice to counsel for that party within fifteen (15) days after receipt of the **"CONFIDENTIAL"** or **"ATTORNEYS**

**EYES ONLY"** designations. Counsel for the party or Discovery Respondent whose designation has been challenged shall have fifteen (15) days after receipt of such notice to apply to the Court for a Protective Order. In the case of a Discovery Respondent, that Court shall be the district where the subpoena to produce Confidential Material was served. In the event the party's counsel fails to do so in a timely fashion, such Confidential Material shall no longer be considered **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** under the terms of this Stipulation and Order. In the event the party's counsel does make timely application to the Court, the Confidential Material shall continue to be treated as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** by all parties and their counsel until a ruling from the Court is obtained.

      8. All papers filed or presented in the action that contain, quote or attach documents, things or information designated as Confidential or "Attorneys Eyes Only" shall be filed or presented in sealed envelopes bearing the title of this action and marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Only those portions of the papers that contain, quote or attach documents, things or information designated as papers that contain, quote or attach documents, things or information designated as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** shall be filed under seal.

      9. Within forty-five (45) days after the issuance of a final judgment and expiration of the time for appeal or after a settlement of this action, unless otherwise agreed in writing by all Parties, each Party shall collect all documents containing Confidential Material and/or any originals or reproductions of documents designated "Confidential and Attorney's Eyes Only" and produced in discovery, including all copies thereof, within their control or in the possession of those to whom they distributed such information or documents, and return all such documents

to the producing Party or Discovery Respondent. All summaries of such material and all memoranda, pleadings or documents containing such Confidential Material shall be destroyed.

10. In the event that any of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** are used in any Court proceeding herein, including depositions, it shall not lose its confidential status through such use, and in accordance with the terms of this Protective Order, the parties shall take all steps reasonably required to protect the confidentiality of such documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"ATTORNEYS EYES ONLY"** during such use.

11. If a producing Party or Discovery Respondent realizes that it has inadvertently produced a document that it considers to be "Confidential or Attorneys Eyes Only" without marking it as such pursuant to this Confidential Stipulation and Protective Order, it may contact the receiving Party and notify it in writing of the mistake. Once the receiving Party has been notified of the mistake, the document will be treated as designated in the written Confidential Stipulation and Protective Order, and the receiving Party shall promptly use all means reasonably available to retrieve such documents and all copies and return them to the producing Party or Discovery Respondent for proper designation under this Confidential Stipulation and Protective Order.

12. If a producing Party or Discovery Respondent realizes that it has inadvertently produced a document or information that it considers to be protected from disclosure to another Party in this action by any of the following: attorney-client privilege, attorney work product doctrine, the common interest or joint defense privilege, or such other privilege or immunity from discovery, then it may contact the receiving Party and notify it in writing of the mistake. Once the receiving Party has been notified of the mistake, the receiving Party shall promptly use

all means reasonably available to retrieve such document or information and all copies and return them to the producing Party or Discovery Respondent. The inadvertent production of any such privileged document or information shall not constitute a waiver of any otherwise applicable privilege, and no Party shall assert a waiver of any such otherwise applicable privilege upon the basis of any inadvertent production in the course of discovery in this action.

13. All documents or materials bearing the mark "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall not be used by any recipient or disclosed to anyone for any other purpose other than in connection with this action, and shall not be communicated in any manner, directly or indirectly, to anyone other than Persons as set forth in this Stipulation and Protective Order, unless and until the restrictions herein are modified either by agreement of counsel for all Parties and Discovery Respondents, or by order of the Court. The receiving Party shall take all measures reasonably necessary to protect the confidentiality of and to avoid unauthorized disclosure or use of any Confidential Material. If information designated as Confidential Material by any Party pursuant to this Stipulation and Protective Order is disclosed to any person other than in the manner authorized herein, the Party responsible for this disclosure shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information and shall assume full financial responsibility for the consequences of such disclosure.

14. The Parties and Discovery Respondents may modify the provisions of this Confidential Stipulation and Protective Order at any time, by stipulation signed by the Parties and Discovery Respondents and approved by order of the Court.

15. This Stipulation and Protective Order has been entered to facilitate discovery and the production of information in this action. A Party's or Discovery Respondent's decision to enter into this Confidential Stipulation and Protective Order or not to object to the designation of

any document, thing, or information shall not constitute an agreement or admission that any document, thing or information: (a) will be produced; (b) is in fact Confidential; or (c) is admissible, authentic, competent or relevant. Neither the designation of any information, document, or thing, nor the failure to make such designation shall constitute evidence with respect to any issue in this action. Moreover, this Stipulation and Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

16. Each Party or Discovery Respondent reserves all rights to injunctive relief and monetary damages with respect to any violation of this Stipulation and Protective Order.

17. The terms of this Stipulation and Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction after its final disposition of this action for the purpose of enforcing this Stipulation and Protective Order.

18. The obligations of this Stipulation and Protective Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

19. This Order does not purport to govern documents introduced at trial, inasmuch as any protection for such documents will be within the discretion of the trial judge. Any Party who intends to use at trial any Confidential Material produced pursuant to this Order shall first notify the Party or Discovery Respondent who designated the document or information as Confidential Material, so that the designating Party or Discovery Respondent may have a reasonable opportunity to raise before the trial court any objection to its use or disclosure at trial.

IT IS SO ORDERED this _____16th_____ day of December, 2006.

_____, J.
Gary Lancaster,
United States District Judge

DEC-11-2006 17:45 From:TARASI & TARASI,P.C. 4123917135        To:PB G Fax Server      P.2/2
12/11/2006 15:54 FAX                                                                   ☒011

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE E. REINSTADLER, et al., | ) No. 04-0831 |
| Plaintiffs, | ) |
| | ) U. S. District Judge Gary Lancaster |
| v. | ) |
| | ) |
| GENERAL ELECTRIC COMPANY, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION

By my signature, I hereby acknowledge that I have read the Agreed Protective Order Regarding Discovery ("Agreed Protective Order") among the parties in the above-captioned action, that I understand the Agreed Protective Order, and that I hereby agree to be bound by the terms of the Agreed Protective Order and to submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania for the enforcement of the Agreed Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 12/11/06

Signed:

By: _Elizabeth M Tarasi_

Printed Name:

_Elizabeth M. Tarasi_

1103019

9